**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberto Sheets,<br><br>        Plaintiff,<br><br>v.<br><br>City of Winslow,<br><br>        Defendant. | No. CV-19-08187-PCT-JJT<br><br>**ORDER** |

At issue is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 26, Mot.), to which Plaintiff filed a Response (Doc. 30, Resp.) and Defendant filed a Reply (Doc. 31). For the reasons that follow, the Court grants Defendant's Motion.

**I.    BACKGROUND**

After the Court dismissed Plaintiff's First Amended Complaint ("FAC") for failure to state a claim (Doc. 21, Order), Plaintiff filed his Second Amended Complaint "(SAC") (Doc. 23). The FAC contained five counts of race, religious, and age discrimination, and a claim for retaliation under Title VII of the Civil Rights Act of 1964. The SAC asserts just two counts of race discrimination, one brought under the Arizona Civil Rights Act ("ACRA") and one brought under Title VII.

The SAC makes the following allegations, which the Court construes as true for purposes of resolving Defendant's Motion. Plaintiff, a Mexican man, was a police officer for Defendant, the City of Winslow, from 2007 until his termination in October 2015. In

October 2014, Plaintiff tested for and was awarded the rank of Corporal based on his test scores. (SAC ¶ 11.) The personnel action form that detailed his promotion listed his promotion date as November 3, 2014 and checked the box providing for a six-month probationary period. (SAC ¶ 13.) Sometime later, Plaintiff discovered the form contained handwritten alterations that scratched out the November 3 date and amended his effective promotion date to January 12, 2015. It also scratched out the six-month probationary period and checked the box requiring one year of probation for the Corporal position. (SAC ¶ 14.)

In May 2015, Winslow Police Lieutenant Arend recommended Plaintiff's "position as Corporal be receded to Officer . . . for failure to successfully complete probation," and Plaintiff was subsequently demoted back to Officer. (SAC ¶ 15.) In October 2015, Defendant terminated Plaintiff's employment for an alleged willful violation of policy that occurred in August 2015 and for failure to complete his probationary status. (SAC ¶ 16.) The termination recommendation was authored and signed by Arend and signed by the Chief of Police and the City Manager. (SAC ¶ 16.)

The SAC alleges that during and after the time Plaintiff was employed as an Officer and Corporal, a similarly situated white Officer, Austin Shipley, was treated more favorably. Shipley allegedly committed multiple policy violations and instances of misconduct from August 2013 until March 2016, including tampering with evidence, punching a nonaggressive intoxicated man in the face, targeting and harassing civilians, tasing a restrained man, tasing a 15-year-old, and shooting and killing a woman after responding to a shoplifting call. (SAC ¶ 18.) Shipley was not terminated from employment after these events. (SAC ¶ 18.G)

Plaintiff alleges "Defendant, through its supervisors, agents, and employees, engaged in a pattern of discrimination based on race and directed against [Plaintiff], which ultimately concluded with the termination of his employment." (SAC ¶ 24.) He also alleges the delay in his promotion's effective date and the extension to his probationary period constituted adverse employment actions, as did his demotion back to Officer. As already noted, he asserts two claims against Defendant: (1) discrimination based on race in

violation of ACRA and (2) discrimination based on race in violation of Title VII. Defendant moves to dismiss both claims with prejudice.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid dismissal of a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

ACRA is "generally identical to Title VII, and therefore federal Title VII case law is persuasive" in interpreting ACRA. *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (internal brackets omitted); *Higdon v. Evergreen Int'l Airlines, Inc.*, 673 P.2d 907, 909 n.3 (Ariz. 1983). The Court will therefore analyze both Counts 1 and 2 under the well-established Title VII framework.

Under Title VII, it is illegal for an employer "to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race[.]" 42 U.S.C. § 2000e-2(a). In analyzing Title VII disparate treatment claims, the Court utilizes the standard originally set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff must state sufficient facts to show that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment

action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (citing *McDonnell Douglas*, 411 U.S. at 802). Defendant does not raise an argument as to the first three prongs; it argues the SAC fails to allege sufficient facts to establish the fourth element. (Mot. at 3.) The Court agrees.

Plaintiff asserts he was terminated for allegedly willfully violating policy and for failing to complete his probationary status. Attempting to satisfy the similarly situated prong, the SAC alleges that Austin Shipley, a white Officer, committed various policy violations and was not terminated. As the Court stated in its Order dismissing the FAC, "[w]hen utilizing the similarly situated framework, Plaintiff must show that he and the individuals outside his protected class are similarly situated 'in all material respects.'" (Order at 6, quoting *Moran v. Selig*, 447 F.3d 748, 754 (9th Cir. 2006).) It dismissed the FAC in part because it failed to provide facts as to how the unnamed white officer was similar to Plaintiff in all material respects. (Order at 6.)

This time the SAC identifies a white counterpart's name (Shipley) and position (Officer), but it again fails to demonstrate how Shipley and Plaintiff were similar in all *material* respects. Regarding the first basis for his termination, committing a willful policy violation, the SAC does not identify Plaintiff's alleged violation, a detail that is crucial to raising an inference that he and Shipley were similarly situated, yet treated differently when they committed like policy violations. As to the second stated reason for Plaintiff's termination, failure to complete his probationary period, the SAC does not mention anything about Shipley's employment status or whether he ever went through any type of probationary period.[1]

---

[1] To the extent the adverse employment action is Plaintiff's demotion or the extended probationary period of one year, the claim fails for the same reason: no facts suggest that Shipley went through a shorter probationary period or was not demoted. Indeed, the SAC lists Shipley's position as an Officer, rather than a Corporal, which raises only two possibilities: Shipley was either never promoted to Corporal and is therefore not similarly situated in that respect, or he was promoted and then later demoted, thereby suffering the same adverse action as Plaintiff.

- 4 -

The Ninth Circuit recently addressed a markedly similar issue and fact pattern in *Bastidas v. Good Samaritan Hosp. LP*, 774 F. App'x 361, 364 (9th Cir. 2019). Although unpublished, the court's analysis and conclusion are both persuasive and applicable here. The plaintiff in *Bastidas* was a member of a protected class and a surgeon at a hospital. His surgical protections were suspended and he was subjected to peer review after he performed a pancreatic procedure during which he removed the patient's kidney and the patient died three days later. He alleged he suffered discrimination because two white physicians were not subjected to the same restrictions after they were involved in patient deaths. *Bastidas*, 774 F. App'x at 362.

The Ninth Circuit held the plaintiff failed to state a claim for discrimination because he did not adequately show that he and the two white physicians were similarly situated. Specifically, the plaintiff did not allege that (1) the three had similar jobs (*i.e.*, performed similar types of surgeries); (2) the white doctors engaged in conduct similar to his (*i.e.*, that those doctors' patients' deaths were the result, at least in part, of errors); (3) the hospital received complaints following the incidents involving the white doctors, as it did after the plaintiff's incident; and (4) the mistakes of the white doctors were of comparable seriousness to the one made by the plaintiff. *Bastidas*, 774 F. App'x at 363–64.

Here, the SAC alleges only that Plaintiff and Shipley were Officers, and that the former was terminated for violating policy but the latter was not. The following information is unidentified: what Plaintiff's policy violation was and whether the two "engaged in problematic conduct of comparable seriousness," *see Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003); whether Plaintiff and Shipley performed similar duties as Officers—officers could perform desk duties, investigative work, emergency response, or street patrol; how long Shipley had worked for Defendant and whether they had the same employment status; or whether they were subject to the same decision-maker. The Court recognizes that not all these factors may be necessary to state a claim, and a plaintiff alleging discrimination need not be identical to his comparator. *Hawn*

*v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010).[2] What is material "will depend on context and the facts of the case." *Id*. However, Plaintiff has provided virtually no information to demonstrate similarity in what would be material in the context of a termination for committing policy violations, an extended probationary period, or a demotion.[3]

In addition to the similarly situated paradigm, a plaintiff can also state a claim for discrimination by showing "other circumstances surrounding the adverse employment action [gave] rise to an inference of discrimination." *Peterson*, 358 F.3d at 603; *see also Hawn*, 615 F.3d at 1156. Other than the fact that Plaintiff is Mexican, the SAC contains no facts that give rise to an inference that he was terminated or demoted based on his race or national origin. The Court addressed this deficiency in its Order dismissing the FAC, (Order at 7), but the SAC failed to cure it.

In dismissing the FAC, the Court provided a framework for Plaintiff to allege a race discrimination claim, including the applicable legal standards and case law illustrating what level of factual detail is either sufficient or insufficient to state a claim. That the SAC was unable to meet this standard, despite the Court's roadmap, leads the Court to conclude that inclusion of the material facts would only show that he and Shipley were not sufficiently similarly situated. Accordingly, the Court finds Plaintiff cannot state a plausible claim for discrimination against Defendant and therefore, pursuant to its Order on March 6, 2020, dismisses the SAC with prejudice.

---

[2] To this point, the Ninth Circuit has stated that the "same supervisor" factor is not a strictly imposed condition in all cases. In *Hawn*, the fact that the plaintiffs did not have the same direct supervisor as the comparators was of little import because both groups had the same the ultimate decision-maker who treated them disparately. Thus, while not always necessary, whether they had the same supervisor or decision-maker can be relevant, and the Court finds that it is here. But even if it accepted Plaintiff's assertion in the Response—which was not alleged in the SAC—that Plaintiff and Shipley did have the same supervisor, the Court still concludes that the SAC is missing other pertinent facts that would show the two were similarly situated.

[3] Curiously, Plaintiff himself states, "In general, [meeting the similarly situated prong] requires evidence that the comparators had the same supervisor, were subject to the same standards, and engaged in the same conduct." (Resp. at 9.) But as already noted, the FAC alleges none of these facts.

- 6 -

1 **IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 26). Plaintiff's Second Amended Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

Dated this 12th day of June, 2020.

Honorable John J. Tuchi
United States District Judge